IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GREGORY BROOKS                                                                            PLAINTIFF

V.                                                                      CAUSE NO.: 1:12CV190-SA-DAS

CITY OF WEST POINT, MISSISSIPPI; and
JIMMY BIRCHFIELD; and
WILLIAM SPRADLING                                                                       DEFENDANTS

ORDER ON MOTION FOR ATTORNEYS' FEES

Defendant has filed a Motion to Establish the Recoverable Amount of Attorneys' Fees and Costs [80] after the Court granted summary judgment on Plaintiff's claims in May of 2014. In particular, Defendant seeks to establish that it is entitled to recover attorneys' fees incurred as a result of defending against claims that the Plaintiff never pursued and ultimately confessed in response to the motion for summary judgment.

Plaintiff abandoned the following claims: (1) Plaintiff's claims against the City of West Point; (ii) Plaintiff's claims against Officers Birchfield and Spradling in their official capacities; (iii) Plaintiff's claim for a Fourteenth Amendment violation; and (iv) Plaintiff's state law claims for false arrest and imprisonment, assault and battery, and intentional infliction of emotional distress. Defendant contends attorneys' fees should be awarded to them as those claims were frivolous, unreasonable, or without foundation. Plaintiff claims that instead of admitting the waived claims were frivolous, the decision to dismiss certain claims in favor of focusing on others was a legitimate strategic decision and not indicative of their merit, or lack thereof.

Section 1988 allows district courts, in their discretion, to award fees to the prevailing party for actions brought under 42 U.S.C. § 1983. See 42 U.S.C. § 1988(b). "The primary purpose of [§ 1988] is to encourage private enforcement of the civil rights statutes," Vaughner v.

Pulito, 804 F.2d 873, 878 (5th Cir. 1986), while at the same time "protect[ing] defendants from burdensome litigation having no legal or factual basis." Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001). Section 1988 creates a presumption that attorney's fees will be granted to a prevailing civil rights plaintiff in all but special circumstances. Vaughner, 804 F.2d at 878. By contrast, an award of attorney's fees to a prevailing defendant under § 1988 is "presumptively unavailable," Dean, 240 F.3d at 508, and is proper only upon a finding that the plaintiff's suit is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly becomes so," regardless of whether the suit was brought in good faith. Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978); see also Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (adopting the Christiansburg standard for attorney's fees under § 1988); Merced v. Kasson, 577 F.3d 578, 595 (5th Cir. 2009) (quoting Hidden Oaks Ltd. City of Austin, 138 F.3d 1036, 1053 (5th Cir. 1998)).

To determine whether a claim is frivolous or groundless, the Fifth Circuit has stated that courts may examine factors such as: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial. Myers v. City of W. Monroe, 211 F.3d 289, 292 (5th Cir. 2000). "These factors are, however, guideposts, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." See E.E.O.C. v. L.B. Foster Co., 123 F.3d 746, 751 (3rd Cir. 1997) (internal quotations marks and citations omitted). In making these determinations, a court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). "This kind of hindsight logic could discourage all but the most airtight

claims, for seldom can a prospective plaintiff be sure of ultimate success." Id., 98 S. Ct. 694. Instead, a court must ask whether "'the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Stover v. Hattiesburg Pub. Sch. Dist., 549 F.3d 985, 997 (5th Cir. 2008).

Accordingly, the dismissal of a plaintiff's claims before they reach the jury is insufficient by itself to support a finding of frivolity. "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christiansburg." Hughes, 449 U.S. at 15-16, 101 S. Ct. 173. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Christiansburg, 434 U.S. at 422, 98 S. Ct. 694; see also Stover v. Hattiesburg Pub. Sch. Dist., 549 F.3d 985, 998 (5th Cir. 2008) (action not frivolous where the record contained some plausible evidence supporting plaintiff's claims).

Conversely, the Fifth Circuit has generally affirmed awards of attorney's fees where the plaintiff's civil rights claim lacks a basis in fact or relies on an undisputably meritless legal theory. See, e.g., Lewis v. Brown & Root, Inc., 711 F.2d 1287, 1291 (5th Cir. 1983) (fee award appropriate upon finding that the evidence proffered by the plaintiff to prove his claim for racially-motivated employment discrimination "did not demonstrate, even by inference, any unlawful discrimination"). "Implicit in this approach is the premise that plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3rd Cir. 1990); see Offord v. Parker, 456 F. App'x 472, 474 (5th Cir. 2012) (finding plaintiff's claim frivolous where the causes of action were barred by res judicata and/or duplicative of allegations made in another pending federal law suit).

Here, Plaintiff voluntarily dismissed the following claims:

> (1) Plaintiff's claims against the City of West Point
>
> (2) Plaintiff's claims against Officers Birchfield and Spradling in their official capacities
>
> (3) Plaintiff's claim for violation of the Fourteenth Amendment; and
>
> (4) Plaintiff's state law claims for false arrest, assault and battery, and intentional infliction of emotional distress.

Plaintiff contends those claims were voluntarily dismissed "in the interest of time and judicial economy." While a Section 1983 action against officers in their official capacities are "in essence, a suit against the municipality," Brumfield v. Hollins, 551 F.3d 322, 331 n.9 (5th Cir. 2008), to hold a municipality liable under Section 1983, a plaintiff must show a constitutional violation, and that an official policy, custom or practice promulgated by a policymaker was the moving force behind the constitutional injury. James v. Harris Cty., 577 F.3d 612, 617 (5th Cir. 2009). Plaintiff never reached that stage to put forth the custom, practice, or policy of the City of West Point that it claimed was the actual cause of his constitutional injury. However, Plaintiff's Amended Complaint alleged that the City did have a policy or custom which led to a violation of Plaintiff's constitutional rights. Accordingly, Plaintiff at least made the requisite allegations as to the prima facie case of municipal liability under Section 1983 which weighs in favor of Plaintiff as far as attorney's fees. As to the second prong, no mention has been made of settlement offers from Defendants, which the Court finds if it does not weigh in favor of Plaintiff, it is at least a neutral prong. As to the last prong, whether the case was dismissed or went to a jury, the Court did grant summary judgment on Plaintiff's remaining claims. Defendant has failed to prove those claims were frivolously filed.

Plaintiff explains that he dismissed his state law claims as they were premised on the same theories as the Fourth Amendment claim, and questions arose about whether the

Mississippi Tort Claims Act would have required a bifurcated bench trial for the state law issues, and jury trial for the constitutional claims. Indeed, the Fifth Circuit has determined that "[t]he decision to withdraw a complaint with prejudice and to pursue state law claims," the converse of the situation here, "is a legitimate litigation strategy." Dean v. Riser, 240 F.3d 505, 510 (5th Cir. 2001) (quoting Marquart v. Lodge 837, 26 F.3d 842, 852 (8th Cir. 1994)). The Dean Court noted that "[t]his type of strategic decision reveals nothing about the merits of a plaintiff's case but merely indicates his preferred forum" and "[a]s such, it does not warrant a conclusion that a defendant in such a case has prevailed within the meaning of § 1988." Id. That Court noted further that while the plaintiff's claim may have appeared meritorious at the onset of the case, the unpredictable course of litigation may lead to changes in the litigation posture thereby creating "insurmountable problems of proof for the plaintiff." Id. The Court finds the same true for Plaintiff's state law claims. Although Plaintiff pled a prima facie case of his state law claims, he made a strategic decision after discovery and during the motions briefing stage of litigation to withdraw those claims and focus on his constitutional claims. The Court cannot find fault with this strategic decision and will not award attorney's fees against a party that chooses to exercise his discretion to prosecute appropriately.

Based on the record and looking to the factors the Fifth Circuit has noted are proper for determining whether attorney's fees under Section 1988 are appropriate, the Court is unable to say that the claims waived by Plaintiff were frivolous or completely unfounded. Therefore, no attorney's fees are due for those waived claims. Further, the Court denies without prejudice the Motion for Bill of Costs. That motion may be re-urged after the appeal is resolved or otherwise when appropriate.

Defendant's Motion to Determine to Establish the Recoverable Amount of Attorneys' Fees and Costs [80] is DENIED.

SO ORDERED, this the 22nd day of October, 2014.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT JUDGE**